IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| In Re: | ) | CV 12-58-M-DLC |
| | ) | |
| RENASCENT, INC., | ) | |
| | ) | Bankruptcy Case No. 10- |
| Debtor. | ) | 62358-11 |
| _____ | ) | |
| | ) | Adversary Case No. 11-00045 |
| RENASCENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| COUNTRYWIDE HOME LOANS, INC.; | ) | |
| BAC LOAN SERVICING LP f/k/a | ) | |
| COUNTRYWIDE HOME LOANS | ) | |

| | |
|---|---|
| SERVICING LP; THORNBURG | ) |
| MORTGAGE SECURITIES TRUST | ) |
| 2007-3; THORNBURG MORTGAGE | ) |
| SECURITIES TRUST 2006-6; | ) |
| RECONTRUST COMPANY NA; | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS INC.; | ) |
| MARIE KEETON, the Ravalli, Montana | ) |
| County Treasurer, and any or all persons, | ) |
| known or unknown, claiming or who might | ) |
| claim any right, title, estate, or interest in or | ) |
| lien or encumbrance upon the real property | ) |
| described in the Complaint adverse to | ) |
| Plaintiffs' ownership or any cloud upon | ) |
| Plaintiffs' title, whether the claim or | ) |
| possible claim be present or contingent, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Renascent, Inc., is the Debtor in Bankruptcy Case No. 10-62358-11, filed in the United States Bankruptcy Court for the District of Montana. Renascent, Inc., is also the Plaintiff in an adversary proceeding filed in the bankruptcy action under Bankruptcy Adversary Case No. 11-00045. The adversary proceeding alleges a state statutory quiet title action as well as state common law claims. Because such claims constitute core proceedings under 28 U.S.C. § 157(b)(2)(B), the adversary proceeding is referred to United States Bankruptcy Judge Ralph B. Kirscher pursuant to Standing Order No. 12 (Revised) of the United States District Court for the District of Montana. Within the bankruptcy case, the adversary proceeding

has been consolidated with Debtor's Objection to Proof of Claim No. 11, which raises similar legal issues.

Several of the Defendants in Adversary Case No. 11-00045 have filed a motion to withdraw the referral of that adversary proceeding, as well as the consolidated Debtor's Objection to Proof of Claim No. 11, under 28 U.S.C. § 157(d). No party opposes the motion. The basis for the motion is the United States Supreme Court's decision in Stern v. Marshall, ___ U.S. ___, 131 S.Ct. 2594, 2620 (2011), in which the Court held that while a bankruptcy court is vested with the *statutory* authority to enter final judgment on a state law counterclaim which would not necessarily need to be resolved as part of the claims allowance process, it lacks the *constitutional* authority to do so, as such a function is limited to those judges vested with the judicial power of the United States under Article III of the United States Constitution.

The Defendants argue this Court should withdraw the reference because under Stern the bankruptcy court is constitutionally prohibited from issuing a final judgment, and because there is no statutory authority allowing a bankruptcy judge to issue a report and recommendation in lieu of entering a final judgment. The Court is not persuaded that withdrawal of the reference is appropriate at this stage. The holding in Stern may well apply to the adversary proceeding here, but that

determination should be made by Judge Kirscher in the first instance. Moreover, as United States District Judge Donald W. Molloy explained in Blixseth v. Brown, 2012 WL 691598, Stern does not prohibit a bankruptcy court from issuing proposed findings of fact and conclusions of law on a core proceeding that must be adjudicated by an Article III judge. Id. at *7-*8. This Court does not share the Defendants' view that it would be a waste of the Court's and the parties' resources to allow the adversary proceeding to go forward in the bankruptcy court. As Judge Molloy noted, such a procedure is of great benefit to the Article III judge given the specialized knowledge of the bankruptcy court and its familiarity with the facts of the case before it. Id. at *8.

Accordingly, IT IS HEREBY ORDERED that the motion to withdraw the reference (Doc. No. 1) is DENIED.

The Clerk of Court is directed to notify the parties and the United States Bankruptcy Court of the entry of this Order.

DATED this 31st day of May, 2012.

_____
Dana L. Christensen, District Judge
United States District Court